UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

U.S. BANK NATIONAL ASSOCIATION, as
  Trustee for the Registered Holders of
  J.P.Morgan Chase Commercial Mortgage
  Securities Corp. Multifamily Mortgage
  Pass-Through Certificates, Series
  2019-SB58,

|  |  |
|---|---|
| Plaintiff, | DECISION |
| | and |
| v. | ORDER |
| MAZEL ON DEL LLC, | 22-CV-602V(F) |

MAZEL ON DEL LLC,
BENJAMIN FRIEDMAN, and
JOHN DOE NO. 1 through JOHN DOE NO. XXX,
  inclusive, the last thirty names being fictitious
  and unknown to plaintiff, the persons or parties
  intended being the tenants, occupants, persons,
  or corporations, if any, having or claiming an
  interest in or lien upon the premises described
  in the complaint,

                                  Defendants.
_____

APPEARANCES:          POLSINELLI PC
                      Attorneys for Plaintiff
                      AARON C. JACKSON, of Counsel
                      900 West 48th Place
                      Kansas City, Missouri  64112
                                    and
                      FRANK T. SPANO, of Counsel
                      600 Third Avenue
                      42nd Floor
                      New York, New York  10016


## JURISDICTION

This case was referred to the undersigned by Honorable Lawrence J. Vilardo on

January 25, 2023, for all pretrial matters including preparation of a report and

recommendation on dispositive motions.  The matter is presently before the court on

Plaintiff's motions to appoint a receiver, filed September 2, 2022 (Dkt. 4), to dismiss a counterclaim, filed November 29, 2022 (Dkt. 18), and requesting the court conduct a scheduling conference pursuant to Fed. R. Civ. P. 16(b), filed January 24, 2023 (Dkt. 22).

### BACKGROUND and FACTS[1]

Plaintiff U.S. Bank National Association ("Plaintiff" or "the Bank"), commenced this real property action on August 8, 2022, seeking to foreclose on a commercial mortgage loan ("the subject debt" or "Loan") by which Defendant Del on Mar LLC ("the Borrower") is indebted to J.P. Morgan Chase Commercial Mortgage Securities Corp. Multifamily Mortgage Pass-Through Certificates, Series 2019-SB58 ("the Lender"). The subject debt was originated on August 28, 2018 as a Loan Agreement ("the Loan Agreement"), between the Borrower and Community Preservation Corporation ("the Original Lender"), and encumbrances the premises located at 2763 Main Street, Buffalo, New York ("the Mortgaged Property"). In connection with the subject debt's origination, Defendant Benjamin Friedman ("Friedman" or "the Guarantor"), executed a Guaranty pursuant to which Friedman guaranteed the Borrower's payment and performance of certain obligations concerning the subject debt. The Guarantor is the sole member of the Borrower. Beginning in March 2022, the Borrower failed to make monthly debt service payments thereby defaulting on the subject debt, and Plaintiff's commenced this action on August 8, 2022, seeking to foreclose on the subject debt as

---

[1] The Facts are taken from the Complaint and motion papers filed in this action.

provided for in the loan documents pertaining to the subject debt ("the mortgage documents").[2]

On September 2, 2022, Plaintiff filed a motion to appoint a receiver for the subject debt (Dkt. 4) ("Plaintiff's Motion to Appoint Receiver"), the Memorandum of Law in Support of Motion to Appoint Receiver (Dkt. 5) ("Plaintiff's Memorandum – Appoint Receiver"), the Declaration of Brendan McConnell in Support of Plaintiff's Motion to Appoint Receiver (Dkt. 6) ("McConnell Declaration"), attaching exhibits A to L (Dkts. 6-1 through 6-11) ("McConnell Declaration Exh(s). __"), and the Declaration of Frank T. Spano[, Esq.] in Support of Lender's Motion to Appoint a Receiver (Dkt. 7) ("Spano Declaration"), attaching exhibits A and B (Dkts. 7-1 through 7-2) ("Spano Declaration Exh(s). __").  Although Plaintiff served both the Borrower and the Guarantor (together, "Defendants"), with the summons and Complaint, to date, no answer has been filed, nor has any attorney admitted to practice in the Western District of New York appeared on Defendants' behalf.

By letter to the court dated November 2, 2022 (Dkt. 15) ("November 2, 2022 Letter"), Jeremy Rosenberg, Esq. ("Rosenberg"), advised he had been retained to represent Defendants in this action, and although admitted to practice in the Eastern and Southern Districts of New York, Rosenberg is not admitted to practice in the Western District of New York, but was "in the process of accomplishing such." November 2, 2022 Letter at 1.  Rosenberg also explained that because he is not admitted to practice in this district, he is also not able to access the court's case management and electronic court filing system ("CM/ECF").  *Id*.  Rosenberg further

---

[2] Copies of the mortgage documents are attached to the Complaint as exhibits A through H (Dkts. 1-1 through 1-9).

requested an extension of time to file a response to Plaintiff's Motion to Appoint Receiver, explaining the extension was necessary both to allow Rosenberg to seek admission to the Western District and to accommodate his observance of religious holidays.  *Id*. at 1-2.  The November 2, 2022 Letter, is stamped "So Ordered" and signed by Judge Vilardo, extending Defendants' time to respond to Plaintiff's Motion to Appoint Receiver to November 9, 2022.  *Id*.  Defendants' response opposing Plaintiff's Motion to Appoint Receiver was filed November 10, 2022, and consists of a memorandum of law (Dkt. 16) ("Defendants' Memorandum"), and the attached Declaration of Sholom Schtroks (Dkt. 16-1) ("Schtroks Declaration") ("Defendants' Response").  On November 22, 2022, Plaintiff filed the Reply Memorandum in Further Support of Motion to Appoint Receiver (Dkt. 17) ("Plaintiff's Reply"), attaching exhibits A through E (Dkts. 17-1 through 17-5) ("Plaintiff's Reply Exh(s). ___").

On November 29, 2022, Plaintiff filed a motion to dismiss Defendants' counterclaim with prejudice (Dkt. 18) ("Plaintiff's Motion to Dismiss"), and the Memorandum of Law in Support of Motion to Dismiss (Dkt. 19) ("Plaintiff's Memorandum – Motion to Dismiss"), attaching as exhibit A a copy of the answer with counterclaim Defendants served on the Lender, via e-mail, on November 9, 2022 (Dkt. 19-1) ("Answer").[3]  By letter dated January 24, 2023, Plaintiff requested the court schedule a conference pursuant to Fed. R. Civ. P. 16(b) (Dkt. 22) ("Motion for Scheduling Conference").

Based on the following, Defendants' Response is STRICKEN; Plaintiff's Motion to Appoint a Receiver is GRANTED; Plaintiff's Motion to Dismiss the Counterclaim is

---

[3] To date, the Answer has not been filed and thus is not part of the record other than as it appears as an exhibit to Plaintiff's Memorandum – Motion to Dismiss.

DISMISSED as moot; Plaintiff's Motion for Scheduling Conference is DISMISSED as moot; the Clerk of Court is directed to enter default against Defendants.

## **DISCUSSION**

**1.    Default**

Relevant to the instant case,

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a) ("Rule 55(a)").

Here, default should be entered against Defendants both for failing to answer the Complaint and for failing to appear in this action.

In particular, Rosenberg stated in the November 2, 2022 Letter that because he is not admitted to practice in this district, he has been unable to access CM/ECF to file documents in this action.  Further, the answer with counterclaim dated November 9, 2022, which Defendants maintain they served on Plaintiff, was never separately filed in this action, but instead appears in the record only as an exhibit (Dkt. 19-1) in support of Plaintiff's motion to dismiss the counterclaim (Dkt. 18).  Nor could the answer have been filed given Rosenberg's failure to obtain admission to this court.  Defendants thus have failed to comply with the requirements of Fed. R. Civ. P. 5(d)(1)(A) that an answer be filed with the court either before service or within a reasonable time thereafter.  Accordingly, there is no answer as required by Fed. R. Civ. P. 12(a), and the time in which to do so, *i.e.*, 20 days, has elapsed.  Such failure has been held to constitute a default.  *See Organek v. White*, 1985 WL 1213, at * 2-3 (S.D.N.Y. May 7, 1985) (answer served on plaintiff but not filed led to defendants' default).

Nor have Defendants appeared in this action.  As a limited liability company, the Borrower, Defendant Mazel on Del LLC, cannot appear without counsel, *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) ("Because both a partnership and a corporation must appear through license counsel, and because a limited liability company is a hybrid of the partnership and corporate forms, a limited liability company also may appear in federal court only through a licensed attorney" (citing cases)). Significantly, the Guarantor, Defendant Benjamin Friedman, as sole member of the Borrower, cannot appear on the Borrower's behalf.  *Id.* (a layperson, even if sole member of a limited liability company, may not represent the company in court). Further, Friedman has not indicated he is appearing *pro se*, which is consistent with Rosenberg's statement that he "ha[s] just recently been retained to represent defendant Mazel on Del LLC and Benjamin Friedman . . ." in this action.  November 2, 2022 Letter at 1.  Despite asserting he was "in the process" of being admitted to the Western District of New York, to date, Rosenberg has neither been admitted to practice in this district nor explained his failure to do so, and nothing on the docket indicates that to date Rosenberg has filed any papers for *pro hac vice* admission to the Western District of New York.  Nor has Rosenberg moved to appear *pro hac vice* and obtained local counsel as required when lead counsel is located outside the district.  Loc. R. Civ. Proc. – W.D.N.Y. Rule 83.2(a)(1).  Although "[n]o notice of appearance is required of an attorney whose name and address appear at the end of a complaint, notice of removal, pre-answer motion, or answer, . . . [i]n all other circumstances, an attorney appearing for a party in a civil case shall promptly file a notice of appearance."  Loc. R. Civ. Proc. – W.D.N.Y. Rule 83.2(b).  In the instant case, no answer has been filed and Rosenberg

has not filed a notice of appearance and cannot file such notice because Rosenberg is

not admitted to practice in the Western District of New York.  Defendants' failure to

appear and respond to the complaint supports entry of default pursuant to Ruel 55(a).

*See Tentandtable.com, LLC v. Gorilla Bounce LLC*, 2023 WL 2342291, at * 2 (W.D.N.Y.

Mar. 3, 2023) (observing the Clerk of Court entered default against the defendant that

failed to appear or to respond to the complaint).

2.      **Motion to Appoint Receiver**[4]

        Plaintiff, relying on the mortgage documents, requests the court appoint a

receiver, specifically Ian Lagowitz ("Lagowitz") of Trigild IVL, for the Mortgaged Property

to protect the Mortgaged Property and its tenants pending resolution of the foreclosure

action.  Plaintiff's Memorandum – Appoint Receiver at 6, 9.  Defendants, by not filing an

answer to the Complaint, have conceded they are in default on the Loan.  With the entry

of default, Defendants' Response (Dkt. 16), putatively filed in opposition to Plaintiff's

Motion to Appoint Receiver should be stricken from the record.  By striking Defendants'

Response, Plaintiff's Motion to Appoint Receiver is unopposed, including Plaintiff's

argument that the mortgage documents executed in connection with the subject debt

provide that in the event of a default on the subject debt, the Lender may apply in any

court having jurisdiction for the appointment of a receiver for the Mortgaged Property.

Plaintiff's Memorandum – Appoint Receiver at 5-6 (citing McConnell Declaration ¶ 13

and Exh. C).  It is undisputed that this action is properly before this court based on

diversity.

---

[4] A motion to appoint a receiver is non-dispositive.  *See Cadena v. A-E Contracting, LLC*, 2013 WL
6178515, at *2 (D.Conn. Nov. 22, 2013) (order appointing receiver is a non-dispositive ruling*); Fleet
Development Ventures, LLC v. Brisker*, 2006 WL 2772686, at * 14 (D.Conn. Sept. 12, 2006) (same).

Plaintiff moves for appointment of a receiver for the Mortgaged Property pursuant to Section 3(c)(ii) of the Loan Agreement (Dkt. 5).  *See* Exh. C to McConnell Declaration, Dkt. 6-3 at 12.  Plaintiff's motion is based on Defendants' failure, since March 2022, to make payments of principal and interest on the $1,830,000 Loan on the Mortgaged Property at 2763 Main Street, Buffalo, New York, which is subject to the mortgage held by Plaintiff.  *See* Exh. D to McConnell Declaration (Dkt. 6-1).  Defendants also have failed to make payments to escrow accounts for real property taxes and repairs and improvements to the Mortgaged Property, and to provide, within 90 days of each calendar year for the 2020 and 2021 calendar years as required by the Loan Agreement, an annual statement of income and expenses for the Mortgaged Property.  *See* McConnell Declaration ¶ 8, 11 (Dkt. 6 at 4).  Such failures constitute Events of Default under the Loan Agreement § 8.01(a).  Exh. A to McConnell Declaration (Dkt. 6-1 at 37).  Defendants' failure to make the required escrow payments necessitated Plaintiff advance $3,857.12 to pay an installment of real property taxes due July 28, 2022 on the Mortgaged Property.  *See* McConnell Declaration Dkt. 6 ¶ 10.  Based on these defaults, Plaintiff has elected to accelerate payment of the loan (*see* Complaint Dkt. 1 ¶ 38) with the result that Defendants owe Plaintiff nearly $2 million on the Loan.  McConnell Declaration, Dkt. 6 ¶ 13.  As relevant, under Section 3(c)(ii) of the Loan Agreement, *see* McConnell Declaration Exh. C (Dkt. 6-3 at 12), Borrower Defendants consented to appointment of a receiver for the Mortgaged Property at any time after the event of the default.  *See also* Plaintiff's Memorandum of Law, Dkt. 5 at 5.  By letter dated May 31, 2022, Defendants were provided with notice of the default, *see* McConnell Declaration ¶ 12 (referencing Exh. I (Dkt. 6-9)), and given until June 10,

2022, to cure such default; however, Defendants failed to do so.  Even if foreclosure is ultimately not supported by Defendants' default by failing to appear in this action, Plaintiff's motion should be GRANTED.  *See Citibank N.A. v. Nyland*, 839 F.2d 93, 97 (2d Cir. 1988) ("*Nyland*").  As the Second Circuit in *Nyland* stated: "[I]t is entirely appropriate for a mortgage holder [Plaintiff] to seek the appointment of a receiver where the mortgage authorizes such appointment, and the mortgagee [Defendants] ha[ve] repeatedly defaulted on conditions of the mortgage which constitute one or more events of default."  *Nyland*, 839 F.2d at 97 (citing New York caselaw).  *See also U.S. Bank Nat. Ass'n v. Nesbitt Bellevue Property LLC*, 866 F.Supp.2d 247, 250 (S.D.N.Y. 2012).  Moreover, under New York law where, as here, a mortgagee has agreed to the appointment of a receiver in the event of a default, the mortgagee is entitled to the appointment of a receiver "regardless of proving the necessity of the appointment." *Naar v. I.J. Litwak & Co.*, 688 N.Y.S.2d 698, 699 (2d Dept. 1999).  Thus, given that Defendants do not dispute Plaintiff's assertions of default on Defendants' several obligations under the Loan Agreement, Plaintiff's motion (Dkt. 4) should be GRANTED.

**3.    Remaining Motions**

With the entry of default pursuant to Rule 55(a), both Plaintiff's Motions to Dismiss the Counterclaim (Dkt. 18), and for a Scheduling Conference (Dkt. 22), should be DISMISSED as moot.

**<u>CONCLUSION</u>**

Based on the foregoing, Defendants' Response (Dkt. 16), is STRICKEN, and Plaintiff's Motion to Appoint a Receiver (Dkt. 4), is GRANTED with Ian Lagowitz appointed as receiver for the Mortgaged Property; Plaintiff's Motion to Dismiss the

Counterclaim (Dkt. 18) is DISMISSED as moot; Plaintiff's Motion for a Scheduling

Conference (Dkt. 22) is DISMISSED as moot.  The Clerk of Court is directed to enter

notice of default pursuant to Fed. R. Civ. P. 55(a) against Defendants.  The Clerk of

Court is further directed to serve Defendants with a copy of this Decision and Order by

first class mail.


SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE


DATED:      March 14, 2023
            Buffalo, New York