UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp. Multifamily Mortgage Pass-Through Certificates, Series 2019-SB58,<br><br>                Plaintiff,<br><br>     v.<br><br>MAZEL ON DEL LLC,<br>BENJAMIN FRIEDMAN, and<br>JOHN DOE NO. 1 through JOHN DOE NO. XXX, inclusive, the last thirty names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons, or corporations, if any, having or claiming an interest in or lien upon the premises described in the complaint,<br><br>                Defendants. | DECISION<br>and<br>ORDER<br><br>22-CV-00602-LJV-LGF |

_____

APPEARANCES:        POLSINELLI PC
                                  Attorneys for Plaintiff
                                  AARON C. JACKSON, of Counsel
                                  900 West 48th Place
                                  Kansas City, MO  64112
                                        and
                                  FRANK T. SPANO, of Counsel
                                  600 Third Avenue
                                  42nd Floor
                                  New York, New York  10016

                                  THE LAW OFFICE OF JEREMY ROSENBERG
                                  Attorneys for Defendants Mazel on Del LLC and Friedman
                                  JEREMY ROSENBERG, of Counsel
                                  777 Chestnut Ridge Road
                                  Suite 202
                                  Chestnut Ridge, New York  10952

                                  DAVIDOFF, HUTCHER & CITRON, LLP
                                  JAMES B. GLUCKMAN, of Counsel
                                  Attorneys for Defendant Friedman
                                  605 Third Avenue
                                  New York, New York  10158

## JURISDICTION

This case was referred to the undersigned by Honorable Lawrence J. Vilardo on January 25, 2023, for all pretrial matters including preparation of a report and recommendation on dispositive motions (Dkt. 23).  The matter is presently before the court on Plaintiff's motion to compel and to hold Defendants in contempt (Dkt. 29),[1] filed October 30, 2023.

## BACKGROUND and FACTS[2]

Plaintiff U.S. Bank National Association ("Plaintiff" or "Lender"), commenced this real property action on August 8, 2022, seeking to foreclose on a commercial mortgage loan ("the subject debt" or "Loan") by which Defendant Mazel on Del LLC ("Mazel on Del" or "the Borrower") is indebted to J.P. Morgan Chase Commercial Mortgage Securities Corp. Multifamily Mortgage Pass-Through Certificates, Series 2019-SB58 ("the Lender").  The subject debt was originated on August 28, 2018 as a Loan Agreement ("the Loan Agreement"), between the Borrower and Community Preservation Corporation ("the Original Lender"), and encumbrances the premises located at 2763 Main Street, Buffalo, New York ("the Mortgaged Property").  In connection with the subject debt's origination, Defendant Benjamin Friedman ("Friedman" or "the Guarantor"), executed a Guaranty pursuant to which Friedman

---

[1] A magistrate judge has the power to exercise contempt authority, 28 U.S.C. § 636(e)(1), and need certify its findings of fact only where the challenged "act constitutes a civil contempt."  28 U.S.C. § 636(e)(6).  *See Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, 2017 WL 5067500, at * 10 (S.D.N.Y. Sept. 27, 2017) ("If . . . the moving party does not establish a *prima facie* case of contempt, the magistrate judge must decline to certify facts constituting contempt to the district judge and may close the motion.").
[2] The Facts are taken from the pleadings and motion papers filed in this action.

guaranteed the Borrower's payment and performance of certain obligations concerning the subject debt. The Guarantor is the sole member and manager of the Borrower, Mazel on Del.

Beginning in March 2022, the Borrower failed to make monthly debt service payments thereby defaulting on the subject debt, and Plaintiff commenced this action on August 8, 2022, seeking to foreclose on the subject debt as provided for in the loan documents pertaining to the subject debt ("the mortgage documents").[3] On September 2, 2022, Plaintiff moved to appoint a receiver for the subject debt (Dkt. 4) ("motion for receiver"). By letter to the court dated November 2, 2022, Jeremy Rosenberg, Esq. ("Rosenberg"), advised that he had been retained to represent Defendants in this action, but that Rosenberg had yet to be admitted to the Western District of New York and was unable to access the court's case management/electronic court filing system ("CM/ECF"). Dkt. 15.

In a Decision and Order filed March 14, 2023 (Dkt. 24) ("March 14, 2023 D&O"), the undersigned granted Plaintiff's motion for a receiver with one Ian Lagowitz ("Lagowitz" or "the Receiver"), of Trigild IVL ("Trigild") appointed as receiver for the subject debt to protect the Mortgaged Property and its tenants pending resolution of the foreclosure action (Dkt. 25) ("Receiver Order"). On March 16, 2023, the Clerk of Court, *sua sponte*, entered default against both Mazel on Del LLC and Friedman for failure to appear or to otherwise defend. (Dkt. 27).[4]

---

[3] Copies of the mortgage documents are attached to the Complaint as exhibits A through H (Dkts. 1-1 through 1-9).
[4] Neither Friedman nor Mazel On Del LLC has moved pursuant to Fed.R.Civ.P. 55(c) to vacate the entry of default, nor has Plaintiff moved pursuant to Fed.R.Civ.P. 55(b)(2) for entry of a default judgment.

On October 30, 2023, Plaintiff moved to compel Defendants' compliance with the Receiver Order and to hold Defendants in contempt for such non-compliance (Dkt. 29) ("Plaintiff's Motion"), filing in support the Memorandum of Law in Support of Motion to Compel Compliance with Receiver Order and for Contempt (Dkt. 30) ("Plaintiff's Memorandum"), the Declaration of Aaron Jackson [, Esq.,][5] in Support of Motion to Compel (Dkt. 31) ("Jackson Declaration"), attaching exhibits 1 through 3 (Dkts. 31-1 through 31-3) ("Plaintiff's Exh(s). __"), and the Declaration of Ian Lagowitz in Support of Motion to Compel Compliance with Receiver Order and for Contempt (Dkt. 32) ("Receiver's Declaration"), attaching exhibit A ("Receiver's Exhibit A").

On December 1, 2023, Defendants moved to extend the time to respond to Plaintiff's Motion from December 2, 2023 to December 15, 2023 (Dkt. 34), and the motion was granted by the undersigned (Dkt. 35).  Also on December 1, 2023, Rosenberg was added as attorney of record for both Friedman and Mazel on Del.  On December 19, 2023, James B. Gluckman, Esq., entered an appearance on behalf of Friedman.

As directed by ¶ w of the Receiver Order, Receiver Order 8-9, status reports were filed on January 5, 2024 (Dkts. 37 ("October 3, 2023 Report") and 38 ("November 30, 2023 Report")), and on January 31, 2024 (Dkt. 39) ("December 2023 Report") (together, "status reports").  On February 7, 2024, Defendant Friedman, belatedly and acting *pro se*, filed the Declaration of Ben Friedman in Response to Order for Contempt and to Compel (Dkt. 40) ("Friedman Declaration"), attaching exhibits 1 and 2 (Dkts. 40-1 and 40-2) ("Friedman's Exh(s). __").  Oral argument was deemed unnecessary.

---

[5] Unless otherwise indicated, bracketed material has been added.

Based on the following, Plaintiff's Motion is DENIED as to the requests for an order compelling Defendants' compliance with the Receiver Order and to hold Defendants in contempt.

## DISCUSSION

Plaintiff moves to compel Defendants to comply with the terms of the Receiver Order and also seeks an order holding Defendants in contempt for Defendants' failure to comply and to reimburse Plaintiff for legal fees and the costs incurred in bringing the instant motion. Plaintiff's Memorandum at 2. In support of the motion, Plaintiff explains that Defendants' failure to comply with the terms of the Receiver Order has rendered the Receiver unable to take possession and control of the Mortgaged Property. *Id*. Plaintiff specifically identifies ten items critical to the Receiver's successful takeover of the Mortgaged Property including,

1. Tenant contact list and current rent roll;
2. Financial statements and reports for Mazel on Del for the period 2/2023 to 10/2023, as well as a current account balance;
3. A list of all rents collected by Borrower for the period March 14, 2023 to current;
4. Vendor contact information;
5. Current accounts payable aging report;
6. Current accounts receivable report;
7. 2022 general ledger;
8. Year-to-Date 2023 check register and general ledger;
9. Copy of the most recently completed financial package; and
10. Information regarding cameras located in the common areas of the Mortgaged Property.

Plaintiff's Memorandum at 5. According to Plaintiff, despite the Receiver's extensive efforts, Defendants' compliance with the Receiver Order is limited to providing Receiver with a set of keys and a current list of occupants at the Mortgaged Property. *Id*. at 6. Plaintiff further maintains that rather than complying with the Receiver Order, Borrower

5

has filed two *pro se* bankruptcy petitions in the Eastern District of New York, both of which were dismissed for lack of counsel and failure to file reports and mandated disclosures, as well as a third bankruptcy petition in the Southern District of New York which was dismissed for cause on September 29, 2023, with the Bankruptcy Court also granting Plaintiff prospective *in rem* relief in the form of a two-year stay. *Id*. at 5. Plaintiff maintains that by filing the three bankruptcy petitions, the Borrower "has chosen to abuse court processes in an effort to delay turnover of the [Mortgaged] Property." *Id*.

In its papers belatedly filed, *pro se*, by Friedman in opposition to Plaintiff's Motion, Friedman apologizes for his late response which he attributes to an inability to obtain the required information from Mayfair Management ("Mayfair"), the previous managers of the Mortgaged Property. Friedman Declaration ¶ 3. Friedman asserts that on February 7, 2024, the same day the Friedman Declaration was filed, Friedman transmitted all the information received from Mayfair ("the documentation") to one Jonathan S. Pasternak, Esq. ("Pasternak"), of counsel to Davidoff Hutcher & Citron LLP, whom Friedman maintains is his legal counsel.[6] *Id*. ¶ 4. Pasternak reportedly transmitted the documentation to Plaintiff's moving counsel. *Id*. ¶ 5. Friedman also described his efforts over the past several months to communicate and cooperate with the Receiver whose responses Friedman maintains have been lacking, with the Receiver's manager and counsel, one "Mr. Jackson," ("Jackson")[7] arriving unannounced in Buffalo on September 27, 2023, at which time one "Shalom" of Mayfair provided

---

[6] The court notes Pasternak has not filed a notice of appearance, nor does Friedman indicate whether Rosenberg and Gluckman remain as his counsel in this action, and no motion to withdraw as counsel or to substitute counsel has been filed.
[7] It is not clear whether "Jackson" is Aaron C. Jackson, of Counsel to Polsinelli, PC, who has appeared in this action on Plaintiff's behalf.

Jackson with keys to the Mortgaged Property but when Shalom stated he was not available to talk with Jackson until later that day, Jackson left.  *Id*. ¶¶ 6-7.  Nevertheless, when Jackson, on October 10, 2023, requested Shalom to meet with the boiler repair company selected by the Receiver, Shalom obliged.  *Id*. ¶ 8.  On October 19, 2023, the Receiver met in Buffalo with Shalom who provided the Receiver with paper copies of most of the requested information including tenant contact and rent information, and a detailed rent schedule that included past due rents and rent credits, along with information for Section 8 tenancies and other subsidized rent agencies, and a description of each tenant regarding how best to communicate with each tenant and which tenants posed trouble, as well as a list of all utilities and the relevant utility company information ("the papers").  *Id*. ¶¶ 10, 13.  On October 24, 2023, the Receiver informed Friedman he lost the papers and Friedman had Shalom send them via text along with a list of vendors Shalom used in managing the Mortgaged Premises.  *Id*. ¶¶ 11-12.  Friedman further avers that despite providing the Receiver with the above information, the Receiver is not effectively managing the property including, *inter alia*, failing to have trash removed, not following through with an eviction proceeding for a tenant, not filling vacancies, and failing to perform repairs.  *Id*. ¶¶ 9, 14-18.  Friedman summarizes that the Receiver's difficulties in taking control and possession of the Mortgaged Property are the result of the Receiver's own inaction.  *Id*. ¶ 19.

     Preliminarily, the court addresses Friedman's belated response in opposition to Plaintiff's Motion.  A party may not exercise both the right to self-representation and to representation by counsel at the same time.  *Securities and Exchange Comm'n v. Gottlieb*, 2023 WL 6294328, at * 1 (S.D.N.Y. Sept. 27, 2023) ("*Gottlieb*") (citing *United*

7

*States v. Mitchell*, 137 F.2d 1006, 10010 (2d Cir. 1943)).  In the absence of any indication that Friedman is no longer represented by counsel, an unlikely situation given that to date, two attorneys, including Rosenberg and Gluckman, have entered appearances on Friedman's behalf, and Friedman himself avers to having retained yet another attorney, Pasternak, all papers filed on Friedman's behalf must be signed by at least one attorney of record.  *See Gottlieb*, 2023 WL 6294328, at * 1 (citing Fed.R.Civ.P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented.")).  Submissions filed by represented parties that are not signed by the attorney of record must be stricken.  *Gonzalez v. J.P. Morgan Chase Bank, N.A.*, 2017 WL 564678, at * 1 (S.D.N.Y. 2017) (citing Rule 11(a)).  Further, "pursuant to its docket-managing authority, the Court will not accept submissions from the plaintiff on a *pro se* basis, so long as he is represented by counsel." *Id*. (citing *United States v. DiPietro*, 2007 WL 3130553, at * 1 (S.D.N.Y. Oct. 17, 2007), and *Mitchell v. Senkowski*, 489 F.Supp.2d 147, 149 (N.D.N.Y. 2006)).  *See also Rochester Laborers' Welfare S.U.B. Fund v. Akwesasne Construction, Inc.*, 2020 WL 6699523, at * 1-2 (W.D.N.Y. Nov. 13, 2020) (striking letter filed by represented defendant because "a party may not proceed in federal courts represented by counsel and simultaneously appear *pro se*").  Similarly, in the instant case, because Friedman is already represented by two attorneys, and is possibly seeking to add yet a third attorney, Friedman cannot also proceed *pro se*.  Accordingly, the court strikes Friedman's Declaration.[8]

---

[8] Even if the court were to consider Friedman's Declaration, the exhibits attached thereto, which purportedly are the documents Friedman provided to Pasternak, who thereafter forwarded them to Plaintiff's counsel, appear to be incomplete.  *See* Friedman's Exh. A.  Moreover, Friedman never moved, either on his own or through counsel, for a further extension of time from December 15, 2023, to file a

"[T]he district courts have the inherent power to find a party in contempt for bad faith conduct violating the court's orders." *S. New England Tel. Co. v. Global NAPs Inc.,* 624 F.3d 123, 144 (2d Cir.2010).  "The contempt power serves to 'protect[ ] the due and orderly administration of justice and [to] maintain[ ] the authority and dignity of the court.'" *CBS Broadcasting Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 98 (2d Cir. 2016) ("*CBS Broadcasting*") (quoting *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 764 (1980) (bracketed material in *CBS Broadcasting*).  "A court may hold a party in contempt if (1) the order the party failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted to comply in a reasonable manner." *CBS Broadcasting*, 814 F.3d at 98 (quoting *Paramedics Electromedicina Comercial, Ltd. v. GE Med. Sys. Info. Techs., Inc.,* 369 F.3d 645, 655 (2d Cir.2004)).  "All three elements must be met before contempt sanctions may be imposed." *Paramedics Electromedicina Comercial, Ltd.*, 369 F.3d 655.  "In a civil contempt proceeding, the district court has 'broad discretion to fashion an appropriate coercive remedy . . . based on the nature of the harm and the probable effect of alternative sanctions,' and '[i]ts determination will not be disturbed absent a clear showing of abuse of discretion.'" *E.E.O.C. v. Local 28 of Sheet Metal Workers Int'l Ass' n,* 247 F.3d 333, 336 (2d Cir.2001) (quoting *N.A. Sales Co. v. Chapman Industries Corp.,* 736 F.2d 854, 857 (2d Cir.1984)).

Insofar as Plaintiff moves for an order compelling Defendants' compliance with the Receiver Oder, although the court is not considering Friedman's belated response

---

response in opposition to Plaintiff's Motion despite having previously done so through counsel, specifically, Rosenberg.  See Dkt. 34 (November 20, 2023 letter to the undersigned requesting an extension of time to response to Plaintiff's Motion), and Dkt. 35 (text order by the undersigned granting the requested motion).

filed *pro se*, the status reports filed by Trigild indicate the Receiver was provided with more than the keys to the Mortgaged Property and a current list of occupants. For example, the October 2023 Report (Dkt. 37) includes a rent roll, Dkt. 37 at 24, and several financial reports including an executive summary detailing Mazel on Del's filing of the three bankruptcy petitions as well as the Receiver's attempts to meet with Rosenberg to obtain access to and information regarding the Mortgaged Property, a property inspection summary, and photographs depicting the Mortgaged Property's condition, *id*. at 26-30, and a schedule of aging detail for accounts payable. *Id*. at 31. The November 2023 Report includes a tenant deposit register. Dkt. 38 at 12. The December 2023 Report includes a more detailed rent roll, Dkt. 39 at 14-21, a deposit register for new tenants, *id*. at 22, bank statements and bank reconciliation reports, *id*. at 23-26, 31-35, and an updated vendor and aging accounts payable report. *Id*. at 27. The inclusion of this information in the status reports calls into question precisely what information Plaintiff seeks to compel. Accordingly, Plaintiff's Motion is denied as to the request for an order compelling Defendants to comply with the Receiver Order.

As for Plaintiff's request for an order holding Defendants in contempt for failing to comply with the Receiver Order, because the status reports contain some of the information Plaintiffs assert Defendants failed to provide, at this time, the court is unable to conclude that all three requirements for an order of contempt have been established, particularly the second requirement that "proof of noncompliance is clear and convincing," and the third requirement that "the party has not diligently attempted to comply in a reasonable manner." *CBS Broadcasting*, 814 F.3d at 98. Plaintiff's Motion is therefore DENIED as to the request for an order holding Defendants in contempt for

failing to comply with the Receiver Order.  *See Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, 2017 WL 5067500, at * 10 (S.D.N.Y. Sept. 27, 2017) ("If . . . the moving party does not establish a *prima facie* case of contempt, the magistrate judge must decline to certify facts constituting contempt to the district judge and may close the motion.") (citing cases).

Furthermore, the court's denial of Plaintiff's motion renders moot Plaintiff's request for attorney fees and costs incurred in connection with the motion.

## **CONCLUSION**

Based on the foregoing, Plaintiff's motion (Dkt. 29) is DENIED.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:    February 15, 2024
          Buffalo, New York